IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLENE REGAYLE GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-1075-STE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for widow's and disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 20-35). The

Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 19, 2020. (TR. 24). At step two, the ALJ determined Ms. Giles suffered from "severe" seizure disorder, coronary artery disease, degenerative disc disease, obstructive sleep apnea, hypertension, status post lung cancer, status post laryngeal cancer, and obesity. (TR. 24). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 27).

At step four, the ALJ concluded that Ms. Giles retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally stoop. The claimant cannot climb ladders, ropes, or scaffolds. The claimant is to avoid all exposure to hazards, such as unprotected heights and heavy machinery.

(TR. 28).

With this RFC, the ALJ concluded that Plaintiff was able to perform her past relevant work as a security guard or housekeeping cleaner. (TR. 34). Thus, at step four, the ALJ concluded that Ms. Giles was not disabled. (TR. 34-35).

**III.   ISSUES PRESENTED**

On appeal, Plaintiff alleges error in the ALJ's: (1) evaluation of Plaintiff's mental impairments in determining the RFC and (2) duty to develop the record. (ECF No. 16:5-8).

**IV.   STANDARD OF REVIEW**

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     THE ALJ'S EVALUATION OF PLAINTIFF'S MENTAL IMPAIRMENTS

Ms. Giles alleges error in the ALJ's: (1) assessment of Plaintiff's mental impairments and (2) duty to develop the record. (ECF No. 16:3-8). Ms. Giles' arguments are without merit.

### A.     History and Evidence Pertaining to Plaintiff's Mental Impairments

At the administrative hearing, Plaintiff's counsel stated that his client was "alleging disability due to cancer of the lungs and seizures." (TR. 49). However, Plaintiff's attorney also stated that "from a mental standpoint," Ms. Giles' records "indicated major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder." (TR. 49). However, when asked about her mental impairments, and what related symptoms would keep her from working, Plaintiff stated: "small things, little things, I mean things that I used to do can't do no more or numerous of things." (TR. 58). Following that statement, the ALJ probed for additional, more specific information and asked Plaintiff if she ever suffered mood swings or outbursts. (TR. 58). Plaintiff stated that indeed, she suffered from mood swings which would make her get angry or start crying. (TR. 58). This was the extent of Plaintiff's testimony regarding her mental impairments or any related symptoms.

Additional records pertaining to Plaintiff's mental health include: (1) prior administrative findings from State Agency psychologists Pamela Forducey and Cynthia

Kampschaefer,[1] (2) a Mental Capacity Assessment (MCA) form completed by Nurse Practitioner Ella Easterling, and (3) a psychological consultative examination performed by Licensed Professional Counselor Theresa Bowler-Shopeyin. (TR. 122, 169, 731-733, 785-787).

At the initial and reconsideration levels, Drs. Forducey and Kampschaefer concluded that Plaintiff had a medically determinable mental impairment which resulted in "mild" limitations in her ability to interact with others and to adapt and manage herself. (TR. 122, 123, 135, 136, 148, 150, 169, 171).

On July 10, 2020, Ms. Easterling completed an MCA and stated that Ms. Giles suffered from "marked" and "extreme" limitations in her abilities to:

- Sequence multi-step activities;
- Use reason and judgment to make work-related decisions;
- Initiate and perform a task;
- Work at an appropriate and consistent pace or complete tasks in a timely manner;
- Ignore or avoid distractions while working;
- Sustain an ordinary routine and regular attendance at work;
- Work a full day without needing more than the allotted number or length of rest periods during the day;

---

[1] Prior administrative medical findings are findings, other than the ultimate determination about whether an individual is disabled, about a medical issue made by Federal and State agency medical and psychological consultants at a prior level of review, based on a review of the evidence in the claimant's case record, including, but not limited to, an individual's RFC. 20 C.F.R. §§ 404.1513(a)(5) & 416.913(a)(5).

- Adapt to changes;

- Manage psychologically based symptoms;

- Set realistic goals;

- Make plans independently of others;

- Cooperate with others, or ask for help when needed;

- Handle conflicts with others;

- Understand and respond to social cues;

- Respond to requests, suggestions, criticism, correction and challenges;

- Keep social interaction free from excessive irritability, sensitivity, argumentativeness, or suspiciousness.

(TR. 731-733).

On October 1, 2020, Ms. Bowler-Shopeyin performed a consultative mental health examination of Plaintiff and administered screenings for anxiety and depression which confirmed Plaintiff's reports regarding the same. (TR. 785-789).

### B. The ALJ's Assessment of Plaintiff's Mental Impairments

At step two, the ALJ determined that Plaintiff suffered from medically determinable impairments involving generalized anxiety disorder, major depressive disorder, and post-traumatic stress disorder. (TR. 25). Thus, pursuant to the Social Security regulations, the ALJ was required to rate the degree of Ms. Giles' functional limitations in following four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself—the so-called "B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt.

404, Subpt. P., App. 1, § 12.00(C). In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). If the ratings in all four areas are "none" or "mild," a claimant's mental impairment is generally considered to be non-severe. 20 C.F.R. § 404.1520a(d)(1).

Pursuant to these regulations, The ALJ analyzed Plaintiff's medically determinable mental impairments under the "B" criteria. (TR. 25-27). Ultimately, the ALJ determined that Plaintiff had: (1) "mild" limitations in the areas of interacting with others and adapting or managing oneself and (2) "no" limitations in the areas of understanding, remembering, or applying information and concentrating, persisting, and maintaining pace. (TR. 25-26). Because Plaintiff had no more than a mild impairment in any of the four functional areas, the ALJ concluded that her mental impairments were not severe. (TR. 21). At step four, the ALJ found no mental limitations in determining Plaintiff's RFC.

### C. Plaintiff's Challenges to the ALJ's Evaluation of her Mental Impairments

Ms. Giles presents two challenges to the ALJ's evaluation of her mental impairments. First, she argues that that the ALJ failed to properly consider the impairments in determining her RFC at step four. And second, Plaintiff argues that the ALJ should have further developed the record regarding Ms. Giles' mental health. (ECF No. 16:3-8). The Court disagrees.

### 1.   Step Four

Ms. Giles alleges that the ALJ failed to consider the effects of her medically determinable mental impairments when formulating the RFC. (ECF No. 16:3-8). The Court disagrees.

"*[A]ll* medically determinable impairments, severe or not, must be taken into account at those later steps [of the sequential evaluation]." *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010); *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*.").

As stated, at step two, the ALJ concluded that Plaintiff's mental impairments were medically determinable, but not severe. (TR. 25). In doing so, the ALJ considered Plaintiff's mental health treatment records and Ms. Bowler-Shopeyin's mental status examination. (TR. 25).

In assessing the RFC at step four, the ALJ obviously believed that Plaintiff suffered no functional limitations relating to any mental impairment, as is reflected by the absence of the same in the RFC. The ALJ was entitled to reach this conclusion, but according to Ms. Giles, the ALJ erred at step four by failing to consider the effect of Plaintiff's mental impairments on the RFC. (ECF No. 16:3-8). The Court disagrees.

At step four, in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether

severe or not severe. *See* 20 C.F.R. §§ 404.1545(a)(2). The Social Security Administration has specifically stated that the criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]." Social Security Ruling 96–8p, 1996 WL 374184, at *4 (July 2, 1996).

The ALJ recognized this legal standard, and then went on to provide a more comprehensive analysis of Plaintiff's mental impairments discussing, in detail, Ms. Easterling's findings in her MCA and prior administrative findings by the State Agency psychologists. (TR. 27). In doing so, the ALJ specifically discussed Ms. Easterling's findings, but deemed them unpersuasive as not supported by her treatment records and inconsistent with observations made by Ms. Bowler-Shopeyin. (TR. 27). Plaintiff does not challenge the ALJ's evaluation of Ms. Easterling's opinion, only that the ALJ failed to consider and evaluate Plaintiff's mental impairments in determining the RFC. *See supra*. The undersigned disagrees, instead finding that the ALJ's discussion on page 27, directly after noting the proper legal standard for evaluating Plaintiff's mental impairments in determining her RFC, was sufficient to discharge his duty at step four.

### 2. Duty to Develop the Record

Ms. Giles argues that the ALJ failed to fully develop the record with respect to her mental impairments. (ECF No. 16:7-8). According to Plaintiff, a "dearth of information" existed regarding Plaintiff's mental impairments and "one should ask whether or not the ALJ sufficiently developed the record before ruling out a severe mental impairment given Plaintiff's subjective complaints." (ECF No. 16:7). Plaintiff characterizes the consultative mental examination as "vague" and argues that "a more detailed consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability[.]" (ECF No. 16:7) (internal quotation marks omitted). The Court finds no merit to Plaintiff's argument.

In a social security disability case, the claimant bears the burden to prove her disability. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). "Disability hearings are nonadversarial, however, and the ALJ has a duty 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.' " *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hawkins*, 113 F.3d at 1164). "This duty to develop the record pertains even if the claimant is represented by counsel." *Id.* (quoting *Thompson*, 987 F.2d at 1492). Specifically, the Social Security Act requires an ALJ to:

> [D]evelop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability. In making any determination, the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician . . . all medical evidence, including diagnostic tests, necessary in order to properly make such determination.

42 U.S.C. § 423(d)(5)(B) (2017). Regulations clarify this statutory duty; 20 C.F.R. § 404.1512(b)(1) provides that "[b]efore [the Social Security Administration] make[s] a determination that [the claimant is] not disabled, [it] will develop [the claimant's] complete medical history" and "will make every reasonable effort to help [the claimant] get medical evidence from [its] own medical sources."

In short, "an ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (quoting *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004)). However, "an ALJ's duty to develop the record is not unqualified." *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009). The Tenth Circuit Court of Appeals has explained that "[s]everal preconditions inform an ALJ's duty to develop the administrative record." *Id.* (citing, *e.g.*, *Flaherty*, 515 F.3d at 1071). The ALJ "may reasonably rely on 'counsel to identify the issue or issues requiring further development.' " *Id.* (quoting *Branum*, 385 F.3d at 1271). "Moreover, a claimant need not only 'raise' the issue she seeks to develop, but that issue must also be 'substantial' 'on its face.' " *Id.* (quoting *Hawkins*, 113 F.3d at 1167). "Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Id.* (quoting *Flaherty*, 515 F.3d at 1071).

As stated, at the administrative hearing, Plaintiff's counsel framed his client as "alleging disability due to cancer of the lungs and seizures." (TR. 49). Despite his

11

seeming reliance on a physical disability, Plaintiff's attorney also mentioned that Ms. Giles' records "indicated major depressive disorder, genialized anxiety disorder, and post-traumatic stress disorder." (TR. 49). However, Plaintiff's attorney did not indicate that the record was lacking or needed to be further developed with respect to Plaintiff's mental impairments, even though he specifically asked the judge to keep the record open for two weeks to allow additional records from OU Physicians related to Plaintiff's physical impairments. (TR. 48).

In addition to the fact that Plaintiff's counsel never raised the issue regarding a lack of records related to her mental impairment, the Court finds that the record was filled with evidence related to Plaintiff's mental health. The record contains years of treatment notes from Ms. Easterling, along with the MCA that Ms. Easterling completed. (TR. 699-733, 791-794). Although the record contains a consultative mental status examination, Ms. Giles believes it was insufficient because it was primarily based on her subjective reports. Ms. Giles conjectures that a second consultative could conceivably support the "marked" and "extreme" limitations found by Ms. Easterling, but the Court finds Plaintiff's argument speculative, at best. Because Plaintiff's mental health history is adequately documented in the record and Plaintiff's counsel did not raise the issue of further development at the time of the hearing, the Court concludes that the ALJ did not err in his duty to develop the record, nor is an additional mental status examination warranted. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 (10th Cir. 2004) (rejecting plaintiff's allegation that the ALJ erred in his duty to develop the record, because

"plaintiff's prior medical history is documented in the medical records" and "plaintiff has made no showing that anything of significance is missing from the current record.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on June 26, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE